SHANNON LISS-RIORDAN (SBN 310719)
 (sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

Attorney for Plaintiff DELMY PORTILLO,
*on behalf of herself and others similarly situated*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DELMY PORTILLO, on behalf of herself and others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC. and KOHL'S CORPORATION,<br><br>            Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT** |

1
CLASS ACTION COMPLAINT

## I. **INTRODUCTION**

1. Retail employers must pay overtime to their assistant managers unless their primary duty is management. See Cal. Code Regs. Tit. 8 § 11070.

2. Defendants Kohl's Department Stores, Inc. and Kohl's Corporation ("Kohl's"), assign non-management work to its Assistant Store Managers (ASMs) which generally takes up more than 50% of their time, closely supervises their work, and pays them only a little more than its non-exempt employees. It schedules them to work 45 hours or more each week (over 50 during holiday seasons), but schedules so few hourly staff that in fact they regularly work 50-60 hours per week. Kohl's classifies all of its ASMs as exempt "executives" and does not pay them overtime.

3. This action is brought by Plaintiff for herself and on behalf of other similarly situated employees who have been classified as Assistant Store Managers ("ASMs") at Kohl's stores in California.

4. Kohl's has misclassified Plaintiff, and other ASMs in these positions, as exempt under California law and has failed to pay them overtime pay for hours worked beyond forty (40) in a workweek.

5. Plaintiff alleges, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of other similarly situated current and former ASMs of Defendants employed within the State of California, that she is entitled to back wages from the Defendants for all overtime work for which she did not receive overtime premium pay and an award of penalty damages, attorneys' fees and costs, pursuant to the pursuant to the California Labor Code and Unfair Competition Law.

## II. **PARTIES**

6. Plaintiff Delmy Portillo is an individual and citizen of the State of California, County of Los Angeles. She worked as an Assistant Store Manager from approximately 2005 to September 2017 at Kohl's store in Alhambra, California.

7. Defendant Kohl's Department Stores, Inc. is a corporation organized and existing under the laws of the state of Delaware. Its principal place of business is located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin.

8. Defendant Kohl's Corporation is a corporation organized and existing under the laws of the state of Delaware. Its principal place of business is located at N56 W1700 Ridgewood Drive, Memomonee Falls, Wisconsin.

9. Defendants own and operate retail department stores throughout California.

10. Defendants are employers within the meaning of California law. Defendants employed Plaintiff and all other Assistant Store Managers in the stores in which they work.

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction over Plaintiff's claim pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), as Defendant is a Delaware citizen and, upon the filing of this complaint, members of the putative plaintiff class reside in California; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

## III. STATEMENT OF FACTS

13. Defendants have over 100 stores in California.

14. Defendants employ Assistant Store Managers ("ASMs") in all of its stores.

15. Although there are categories of ASMs that focus on different areas, the basic duties of an ASM are the same. Defendants provide that each of the ASMs' primary duty is to perform mostly the non-exempt labor of the stores in which they work, including unloading trucks, unpacking merchandise, filling on-line orders, stocking shelves, customer service and operating cash registers.

16. Among the categories of Kohl's ASM are ASM of Apparel / Accessories ("ASM AA"), ASM of Children / Footwear / Home ("ASM CFH"), ASM of Operations / Children /

3
CLASS ACTION COMPLAINT

Footwear / Home ("ASM OCFH"), and ASM of Human Resources and Operations ("ASM - HR Ops"). The duties for these four categories of ASMs are contained on two Position Descriptions dated March 2012 and are similar with only minor differences.

17. Kohl's has classified all ASMs as exempt from overtime, no matter what state, what size store, or what type of ASM. It pays them a flat weekly salary and does not pay them overtime compensation for the hours they work over 40 in a week.

18. Kohl's set payroll budgets for each store each week. Kohl's tracks each store's payroll each week and each month to determine if that store was keeping its payroll under the budget it set. Each store has to use its ASMs to do hourly work in order to meet its payroll budget obligations.

19. Under store managers at all Kohl's stores, in addition to ASMs, there are also employees in the stores who are paid on an hourly basis, including Area Supervisors, Department Supervisors, Specialists and Associates.

20. Kohl's has had a practice in its stores to keep its hourly payroll expenses down. It has done this in part by sending hourly associates home before the end of their shift and not replacing them when they called out. Kohl's then requires the ASMs to finish the hourly tasks of the hourly associates who had been scheduled but were sent home early or not replaced.

21. Defendants require that all ASMs report directly to a Store Manager, who is the real management authority of the store.

22. Defendants usually schedule ASMs for 45 hours per week and they inform ASMs of this fact when they are hired. During the holiday time of year (the week before Thanksgiving through the end of December) Defendants schedule ASMs for six days and 54 hours per week.

23. Defendants also schedule ASMs to do inventory once per year. During the week before and the week of inventory, Defendants assign ASMs approximately 60 hours of work.

24. Defendants set payroll budgets for their stores that are so low that there is not enough hourly staff available to allow the ASMs to spend most of their time managing. Further,

Defendants have a practice of not replacing hourly associates when they call out during the week and of sending them home early to keep the hourly payroll expense down. For these reasons, Defendants usually require their ASMs to work longer work weeks than the 45 hours that they were scheduled for.

25. Defendants closely monitor the work performed by ASMs to ensure compliance with corporate directives. Their Store Managers monitor the work they do each day to see that it complies with the strict requirements set by Kohl's. They measure the performance of ASMs each year in evaluations which reflect how close the ASMs work performance adheres to Kohl's expectations.

26. Kohl's uniformly trained its ASMs through training materials.

27. Defendants use common performance measurement standards to measure the performance of the work of ASMs.

28. Defendants classify all ASMs as exempt from the overtime requirements of FLSA and applicable state law, regardless of store location, sales volume, store size, climate, experience, number of ASMs in a store, prior experience, the number of employees in the store, the shift they worked, or other factors.

29. Defendants' corporate officers decided to classify ASMs as exempt based on the uniform job descriptions of ASM positions.

30. While Defendants assign some management duties to them, those duties are routine, and are closely and directly supervised by their superiors. ASMs are not given significant discretion to manage and their management work is not more important than their non-management work.

31. ASMs do not spend most of their time on exempt tasks. Instead, most of their time is spent performing non-exempt duties, such as unloading freight, stocking shelves, filling on-line orders, ensuring that the merchandise was arranged according to company standards, performing recovery, counting inventory, and organizing the store.

32. The non-exempt duties that ASMs perform are more important to the Defendants' business model than the exempt duties that they are required to perform.

33. Defendants closely and directly supervise ASMs through periodic inspections, audits and annual reviews. Store Managers also inspect ASM work on a daily basis.

34. Defendants pay the ASMs only a little more than the hourly workers in the stores, if those workers worked the same number of hours that the ASMs did, overtime included.

35. Defendants classify their ASMs as exempt executives in conscious disregard for the facts and the law. Defendants have at all times been fully aware that the primary duty of the ASMs is not management and that the law does not permit employers to classify employees as exempt executives unless their primary duty is management. Defendants also have been aware that ASMs work more than 40 hours per week without overtime pay.

36. Plaintiff usually worked more than 40 hours per week during the period of this claim, but did not receive overtime pay.

37. Notwithstanding this knowledge, Defendants has classified Plaintiff and all ASMs as exempt executives in conscious disregard of their right to be paid overtime pay.

38. As a result of Defendants' willful violations of state law, Plaintiff and all other similarly situated ASMs have suffered damages in that they have not received proper compensation.

## CLASS ACTION CLAIM

39. Plaintiff brings this cause of action under Cal. Lab. Code §§ 1194, 1198, 510 and 554, Cal. Bus. & Prof. Code § 17200 *et seq*., and Rule 23 of the Federal Rules of Civil Procedure, for herself and on behalf of ASMs who have worked in California.

40. Class certification for these California law claims is appropriate under Fed. R. Civ. P. 23 (a) and Fed. R. Civ. P. 23 (b)(3) because all the requirements of the Rules are met.

41. The class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendants have employed more than 500 ASMs in California during the past four (4) years.

42. There are questions of law and fact common to the class, including whether the putative class members' primary duty was management and whether the putative class members worked overtime but were not paid overtime in violation of California law.

43. The named Plaintiff's claims are typical of those of the class members. Plaintiff's claims encompass the challenged practices and course of conduct of Defendants. Furthermore, Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which laws are violated by such conduct apply equally to Plaintiff and to the class.

44. The named Plaintiff will fairly and adequately protect the interests of the class.

45. The Plaintiff's claims are not antagonistic to those of the putative class and she has hired counsel skilled in the prosecution of class actions.

46. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## COUNT I
### Failure to Pay Overtime in Violation of the California Labor Code, Cal. Lab. Code §§ 1194, 1198, 510 and 554

47. Based on the foregoing, Defendants' conduct in not paying overtime to their ASMs for hours worked beyond 40 per week violates the California Labor Code § 1194, 1198, 510, and 554.

48. Accordingly, Plaintiff and all other similarly situated ASMs who have worked in California are entitled to compensation for all overtime hours worked, penalty damages, attorneys' fees and court costs.

## COUNT II
### Unfair/Unlawful Competition, Cal. Bus. & Prof. Code § 17200 *et seq*.

49. Defendants' conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq,* ("UCL"). Defendants' conduct constitutes unlawful business acts or practices, in that Defendants have violated Cal. Lab. Code §§ 1194, 1198, 510 and 554.

50. Accordingly, Plaintiff and all other similarly situated ASMs who have worked in California are entitled to declaratory and injunctive relief for Defendants' unlawful conduct and to recover restitution.

WHEREFORE, Plaintiffs respectfully request:

a) Certification of a California class pursuant to Fed. R. Civ. P. 23(b)(3) and the appointment of Plaintiff and her counsel to represent that class;

b) An award of unpaid overtime wages, and penalty wages;

c) Reasonable attorneys' fees, costs, and expenses;

d) Interest and costs;

e) Injunctive relief in the form of an order directing Defendants to comply with state law as set forth herein;

f) Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiff demands a trial by jury by all issues so triable.

Dated: August 17, 2020

Respectfully submitted,

DELMY PORTILLO, on behalf of herself and others similarly situated,

By her attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com